# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MARK ALLEN PETERS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-144-G |
| OKLAHOMA DEPARTMENT OF CORRECTIONS et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Mark Allen Peters, appearing pro se and proceeding *in forma pauperis*, filed a Complaint on February 13, 2018, asserting claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his federal constitutional rights. *See* Compl. (Doc. No. 1). For the reasons discussed below, the Court dismisses all claims against Defendants Christina Thomas, Shirley Stouffer, Ms. Parks, Ms. Gary, Ms. Richmond, and John/Jane Doe without prejudice for failure of service.

*I. Background*

On June 8, 2018, the Court ordered service of the Complaint upon each named Defendant. *See* Order of June 8, 2018 (Doc. No. 12). This Order expressly warned Plaintiff that, even though the United States Marshals Service ("USMS") had been directed "to attempt to accomplish service" on his behalf, "service [was] ultimately Plaintiff's responsibility." *Id.* at 2 (citing Fed. R. Civ. P. 4(c)). Plaintiff was given 21 days from the date of that Order (i.e., until June 29, 2018) to properly request the issuance of a summons, and 90 days from the date of the Order (i.e., until September 6, 2018) to ensure that a proof

of service or waiver of service for each Defendant had been filed with the Court. *See id.* at 1-2 (citing Fed. R. Civ. P. 4(c), (d), (*l*), (m)). Plaintiff was warned that "[t]he failure to file timely proofs of service as to any Defendant may result in the dismissal of the claims against that Defendant." *Id.* at 2 (citing Fed. R. Civ. P. 4(m)).

This Order was mailed to Plaintiff at his address of record, along with the necessary forms for requesting the issuance of summonses. Plaintiff requested the issuance of summonses for thirteen of the fifteen named defendants, including Defendants Christina Thomas, Shirley Stouffer, Ms. Parks, and Ms. Gary, but not including Ms. Richmond or any individual identifiable as Defendant John/Jane Doe. *See* Pl.'s Request for Issuance of Summonses (Doc. No. 13) at 1-3; *cf.* Compl. at 4-6. On July 11, 2018, the USMS filed unexecuted process returns for Defendants Thomas, Stouffer, Parks, and Gary, each containing the notation that the respective defendant was no longer employed at the address provided. *See* Doc. Nos. 22, 23, 24, 25.

Because Plaintiff had failed to file a proof of service or waiver of service for any of these Defendants within the time provided, the Court on November 2, 2018, ordered that Plaintiff had until November 23, 2018, to show good cause in writing as to why his claims against these Defendants should not be dismissed without prejudice. *See* Order of Nov. 23, 2018 (Doc. No. 56) at 3. This Order expressly warned Plaintiff that failure to show good cause may result in the dismissal of Plaintiff's claims against these Defendants. *See id.* at 2-3 (citing Fed. R. Civ. P. 4(m)). The Order was mailed to Plaintiff at his address of record and there is no indication from the docket that it was not received by Plaintiff. *See* LCvR 5.4(a). As of this date, Plaintiff has not responded to the Court's Order.

II.  *Discussion*

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4.  *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).  Thus, Plaintiff's failure to complete proper service upon the Defendants within the prescribed time limit is grounds for dismissal of all claims against those Defendants, absent justification for this failure.  *See* Fed. R. Civ. P. 4(m).

District courts in this circuit "employ[] a two-step analysis for dismissal pursuant to Rule 4(m)." *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003).  First, if the plaintiff shows good cause for his or her failure to properly serve a defendant, the court must extend the deadline for an "appropriate period." *Espinoza v. United* States, 52 F.3d 838, 841 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m)).  Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendants Thomas, Stouffer, Parks, Gary, Richmond, and John/Jane Doe, and no "good cause" is otherwise reflected in the record before the Court.[1]  Fed. R. Civ. P. 4(m).

---

[1] That the USMS has been unable to effect service on Defendants does not amount to "good cause" for purposes of Fed. R. Civ. P. 4(m).  While Plaintiff is entitled to service assistance from the USMS, it is incumbent upon him to supply the information that agency requires to locate and serve each Defendant.  *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served.").

Second, "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. In making this determination, the court should consider several factors, including whether "the applicable statute of limitations would bar the refiled action"; whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n.8 (citation and internal quotation marks omitted). None of the named Defendants in Plaintiff's Complaint are United States officers or employees, and the Court granted Plaintiff's *in forma pauperis* application well before it authorized him to serve process on the individual Defendants named in his Complaint. *See* Fed. R. Civ. P. 4(i)(3); Order of March 9, 2018 (Doc. No. 6) at 1-2.

Moreover, a dismissal under Rule 4(m) would not prejudice the refiling of Plaintiff's claims under the applicable two-year statute of limitations. *See Kipp v. Luton*, 466 F.3d 1171, 1174 (10th Cir. 2006) (noting that Oklahoma's "two-year statute of limitations period for 'an action for injury to the rights of another'" applies to § 1983 claims brought in federal court (quoting Okla. Stat. tit. 12, § 95(A)(3))). Plaintiff's relevant § 1983 claims relate to medical incidents that occurred in 2017. *See* Compl. at 9-12. Thus, even assuming Plaintiff's claims accrued on the dates of the alleged constitutional violations,[2] the two-

---

[2] A § 1983 claim accrues, and the applicable limitations period begins to run, "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation and internal quotation marks omitted)).

year limitations period would not bar Plaintiff from refiling his action against these Defendants if the claims are dismissed under Rule 4(m).[3] *See Espinoza*, 52 F.3d at 842.

Thus, all the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the undersigned discerns no other policy considerations that warrant a permissive extension in this case. Further, Plaintiff has been warned repeatedly that failure to accomplish service would result in a dismissal without prejudice and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016) (affirming dismissal under Rule 4(m) where "the district court first notified [Plaintiff] of its intention to dismiss the claims against [Defendants] for failure of service and gave [Plaintiff] time to show good cause for the failure of service").

## CONCLUSION

Accordingly, the Court DISMISSES all claims against Defendants Christina Thomas, Shirley Stouffer, Ms. Parks, Ms. Gary, Ms. Richmond, and John/Jane Doe without prejudice for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[3] One of the incidents alleged in the Complaint occurred on January 9, 2017. Even though the statute of limitations likely has expired as to any § 1983 claim accruing on that date, Plaintiff likely could rely upon Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, to file a new action against Defendants within one year of dismissal under Rule 4(m) because such a dismissal represents a "failure 'otherwise than on the merits' within the meaning of § 100." *Harper v. Bearden*, No. CIV-14-563-HE, 2015 WL 9590268, at *4 (W.D. Okla. Nov. 17, 2015) (R. & R.) (quoting *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1277 (Okla. 1991)), *adopted sub nom. Harper v. Okla. Dep't of Corr. Dir.*, 2015 WL 9581862 (W.D. Okla. Dec. 30, 2015); *see Mann v. Center*, No. CIV-15-1276-D, 2017 WL 544594, at *2 (W.D. Okla. Feb. 10, 2017).

IT IS SO ORDERED this 18th day of January, 2018.

CHARLES B. GOODWIN
United States District Judge