# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MARK ALLEN PETERS, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-144-G ) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Mark Allen Peters, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action against several defendants, alleging violations of his federal constitutional rights. On January 18, 2019, the Court dismissed all claims asserted against six of these defendants for failure of service. *See* Order of Jan. 18, 2019 (Doc. No. 59). Because the Court finds that Plaintiff has failed to state a claim upon which relief may be granted against the remaining defendants, the Court now dismisses without prejudice all remaining claims in Plaintiff's Complaint.

BACKGROUND

Plaintiff is presently incarcerated at Lawton Correctional Facility ("LCF"), a private prison in Lawton, Oklahoma, owned and operated by GEO Group, Inc. pursuant to a contract with the Oklahoma Department of Corrections ("ODOC"). Plaintiff filed his suit

under 42 U.S.C. § 1983, asserting violations of his Eighth and Fourteenth Amendment rights. *See* Compl. (Doc. No. 1) at 8-12, 13.[1]

In his Complaint, Plaintiff names the following defendants: ODOC; ODOC Director Joe Allbaugh; ODOC Chief Medical Officer Dr. Joel McCurdy; private prison operator GEO Group, Inc.; LCF Warden Hector Rios; John/Jane Doe; healthcare services provider Correct Care Solutions ("CCS"); and eight CCS employees, including Christina Thomas, Shirley Stouffer, Parks, Gary, Savoy, Richmond, Holmburg, and Tocknell. All of the individual defendants, with the possible exception of John/Jane Doe, are identified as sued in both their individual and official capacities.[2] *See id.* at 2-6; *see also Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002). Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. *See* Compl. at 14.

On January 18, 2019, the Court dismissed Defendants Thomas, Stouffer, Parks, Gary, Richmond, and Doe from this action for failure of service. *See* Order of Jan. 18, 2019, at 1-5; Fed. R. Civ. P. 4(m).

SCREENING OBLIGATION AND STANDARD OF REVIEW

The Court is obligated to conduct a review of Plaintiff's Complaint to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous,

---

[1] References herein to documents filed in this Court use the CM/ECF pagination.

[2] As employees of private entities, Defendants Rios, Thomas, Stouffer, Parks, Gary, Savoy, Richmond, Holmburg, and Tocknell are "not state officials, and official capacity claims cannot be asserted against them." *AlAmiin v. Patton*, No. CIV-13-1001-F, 2016 WL 7217857, at *6 n.6 (W.D. Okla. Dec. 13, 2016) (citing *Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002)).

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1); Doc. No. 6 (Order granting Plaintiff leave to proceed *in forma pauperis*).

A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). In evaluating whether a plaintiff has stated a valid claim, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A pro se litigant's complaint must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The broad construction afforded to the pro se litigant's allegations does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

I. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983; *Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) ("We have long assumed that employees of a private prison act under color of state law for purposes of § 1983 suits by inmates . . . .").

    *a. Failure to Protect*

Plaintiff first alleges that unspecified LCF prison officials failed to protect Plaintiff from the violent attack of another prisoner, thus violating their duty under the Eighth Amendment to protect inmates from harm. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (explaining that prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of . . . inmates," and "to protect prisoners from violence at the hands of other prisoners" (internal quotation marks omitted)). In support of this claim, Plaintiff alleges that on December 2, 2016, after being placed in a segregated housing unit, Plaintiff's cellmate violently attacked him. *See* Compl. at 8-9. Plaintiff claims that he pressed the cell's panic button several times but the guards failed to respond. Plaintiff sustained a fractured nose, black eye, and contusions. *See id.* at 9.

Plaintiff does not specifically allege the involvement of any named Defendant in relation to this claim. In lawsuits that include multiple defendants, it is "particularly important" that plaintiffs "make clear exactly *who* is alleged to have done *what* to *whom*." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotation marks omitted). "[I]t is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants" to state cognizable § 1983 claims against those defendants. *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (internal quotation marks omitted).

4

Because Plaintiff has failed to do so here, his failure-to-protect claim does not plausibly show that any Defendant infringed his rights. *See Pahls*, 718 F.3d at 1225-26.

Accordingly, the Court dismisses Plaintiff's failure-to-protect claim without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

    *b. Incorrect Medication*

Plaintiff next alleges that Defendants were deliberately indifferent to his serious medical needs on three occasions when Plaintiff was provided the wrong medication. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) ("A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment."). Plaintiff alleges that on January 9, 2017, a few hours after an unspecified nurse gave him the wrong medication, he had a strong adverse reaction that caused him to have no control over his legs and to sustain a fall. *See* Compl. at 9. Plaintiff claims he was taken to the medical department but was "just left in an unattended room." *Id.* The second incident occurred on March 5, 2017, when Defendant Tocknell "refused to allow Plaintiff to see his medications" before he took them, and, as a result of being given the wrong medication, Plaintiff had a seizure of such severity that he required emergency medical attention. *Id.* at 9-10 (emphasis omitted). Plaintiff then alleges that on March 11, 2017, Defendant Savoy included along with Plaintiff's normal pills a red pill that Plaintiff did not recognize. *See id.* at 10. When Plaintiff brought this to Defendant Savoy's attention, she told Plaintiff to "flush" the red pill. *Id.* Defendants Tocknell and Savoy are the only Defendants named in relation to this claim.

5

Prison officials violate the Eighth Amendment "'when they are deliberately indifferent to the serious medical needs of prisoners in their custody.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999)). To state such a claim, a plaintiff must allege both an objective and a subjective component. *Id.* To satisfy the objective component, a plaintiff must allege facts that plausibly show that the alleged deprivation was "sufficiently serious." *Farmer*, 511 U.S. at 834; *see Sealock*, 218 F.3d at 1209. To satisfy the subjective component, a plaintiff must allege facts that plausibly show that the defendant was aware of and ignored "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see Sealock*, 218 F.3d at 1209. Plaintiff must show that Defendants "ha[d] a culpable state of mind"—i.e., that they "act[ed] or fail[ed] to act with deliberate indifference to inmate health and safety." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001); *accord Farmer*, 511 U.S. at 834, 837.

The Supreme Court has "defined this 'deliberate indifference' standard as equal to 'recklessness,' in which 'a person disregards a risk of harm of which he is aware.'" *DeSpain v. Uphoff*, 264 F.3d 965, 972 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 836-37). "But an inadvertent failure to provide adequate medical care—even if it rises to the level of medical malpractice—does not in itself amount to a constitutional violation." *Hill v. Corr. Corp. of Am.*, 685 F. App'x 665, 668 (10th Cir. 2017) (citing *Estelle*, 429 U.S. at 105-06).

The Court assumes that the objective component of an Eighth Amendment violation would be met by Plaintiff's alleged facts. However, such allegations, even when accepted

6

as true and liberally construed in his favor, do not support a reasonable inference that either Defendant Tocknell or Defendant Savoy "acted or failed to act despite [her] knowledge of a substantial risk of serious harm" to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837, 842.

Plaintiff does not allege that any medical professional diagnosed his medical episodes on January 9, 2017, or March 5, 2017, as adverse reactions to incorrect medication. Nor does Plaintiff allege that he informed Defendants Tocknell or Savoy of his *belief* that he had experienced adverse reactions to incorrect medication. In fact, nothing in the Complaint suggests that either nurse was aware, prior to handing him his medication, of any facts that might suggest Plaintiff previously had been given the wrong medication and experienced a serious adverse reaction as a result. Thus, Plaintiff has failed to provide an adequate factual predicate for his contention that Defendant Tocknell and Defendant Savoy consciously disregarded a serious risk to Plaintiff's health. *See Farmer*, 511 U.S. at 837 (explaining that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

At most, the allegations against Defendants Tocknell and Savoy suggest acts of negligence, which do not rise to the level of a constitutional violation. *See Perkins*, 165 F.3d at 811 ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."); *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To prevail on a claim under 42 U.S.C. § 1983 . . . 'inadvertent failure to provide adequate medical care' is not enough, nor does 'a complaint

that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the Eighth Amendment.'" (second omission in original) (quoting *Estelle*, 429 U.S. at 105-06)).

Because Plaintiff has not plausibly shown that Defendants Tocknell and Savoy acted with the requisite state of mind, Plaintiff has failed to state a cognizable claim against them based upon his alleged receipt of the wrong medication. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

    *c. Delay of Medical Care*

Plaintiff next alleges that certain defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment based upon delayed treatment of a fractured vertebra incurred as a result of his fall on January 9, 2017. *See* Compl. at 10-12; *Sealock*, 218 F.3d at 1210 (explaining that a delay in medical care that results in substantial harm may constitute an Eighth Amendment violation). Plaintiff contends that, though he complained of severe lower-back pain, submitted multiple medical requests, and had an x-ray taken after his fall, Plaintiff's injury of a fractured vertebra was not accurately diagnosed until March 22, 2017, two and a half months after he sustained the injury. *See* Compl. at 11-12.

Plaintiff refers to only three Defendants in relation to this claim: Defendants Tocknell, Richmond, and Parks, each a nurse employed by CCS. As Defendants Richmond and Parks have been dismissed from this action, the Court considers only those allegations alleged against Defendant Tocknell. Specifically, Plaintiff alleges that on January 9, 2017,

8

after his fall, "Nurse Tocknell checked his vital signs" but did not otherwise physically examine him. *Id.* at 11.

The Court again assumes for purposes of this Order that the objective component of a deliberate indifference claim is met by Plaintiff's factual allegations. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) ("The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). However, Plaintiff's allegations, even when accepted as true and liberally construed in his favor, do not support the subjective component of an Eighth Amendment claim.

Plaintiff's sole allegation against Defendant Tocknell in relation to this claim is that she did not examine Plaintiff more extensively after checking his vital signs when Plaintiff sustained his fall on January 9, 2017. Compl. at 11. "[M]ere disagreement with the type of medical care provided" does not constitute an Eighth Amendment violation. *Hill*, 685 F. App'x at 668 (citing *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006)). Even assuming that Defendant Tocknell's treatment of Plaintiff after his fall did not meet a reasonable standard of care, "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins*, 165 F.3d at 811. Further, Plaintiff alleges no facts plausibly showing that Defendant Tocknell was aware of a serious risk of harm to Plaintiff's health or that she consciously disregarded that risk. In the absence of facts suggesting that Defendant Tocknell acted with the requisite state of mind, Plaintiff's dissatisfaction with Defendant

Tocknell's treatment is insufficient to raise a constitutional right to relief above the speculative level.

Accordingly, the Court likewise dismisses this claim under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).

II. PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM

Plaintiff also broadly alleges that Defendants "violate[d] procedural safeguards rendering them constitutionally insufficient [under the Fourteenth Amendment] to protect Plaintiff against unjustified deprivations." Compl. at 13. Plaintiff fails, however, to provide any factual allegations to support his Fourteenth Amendment claim. Even under a liberal construction, this claim fails to identify which constitutionally protected interest was violated, which procedural safeguards were rendered inadequate, or how or by whom they were rendered inadequate.

Plaintiff's bare legal conclusion that his Fourteenth Amendment rights were violated is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (alteration and citation omitted). Because Plaintiff presents no factual allegations to support his Fourteenth Amendment claim under § 1983, the Court dismisses the claim without prejudice. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Pahls*, 718 F.3d at 1225-26 ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice

showing that his rights 'were violated' will not suffice."); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

III. REMAINING DEFENDANTS

In his delineation of defendants, Plaintiff names several defendants that he then fails to reference at any subsequent point in his Complaint. These defendants include ODOC, GEO Group, Inc., CCS, Allbaugh, McCurdy, Rios, and Holmburg ("Remaining Defendants").[3] As noted, "it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants" to state a cognizable § 1983 claim against that defendant. *Pahls*, 718 F.3d at 1226 (internal quotation marks omitted); *see also Pemberton v. Patton*, No. CIV-14-129-D, 2015 WL 1638638, at *3, *13-14 (W.D. Okla. Apr. 13, 2015) (dismissing named defendants regarding whom the claims stated no relevant factual allegations), *aff'd*, 639 F. App'x 532 (10th Cir. 2016). Even if the Court were to construe Plaintiff's claims as raised against these Remaining Defendants, the claims would fail for the reasons articulated below.

*a. Defendants Holmburg and Rios*

Plaintiff describes Defendant Holmburg as a nurse employed by CCS and describes Defendant Rios as the warden of LCF. *See* Compl. at 3, 6.

Because Defendants Holmburg and Rios are employees of private entities, they do not have official capacities for purposes of § 1983. *See AlAmiin*, 2016 WL 7217857, at *6

---

[3] Plaintiff additionally failed to reference Defendants Thomas, Stouffer, Gary, and Doe in his allegations, but as noted, these defendants were dismissed from the action on January 18, 2019, for failure of service. *See* Order of Jan. 18, 2019.

11

n.6. Moreover, because Plaintiff presents no factual allegations to show that either Defendant Holmburg or Defendant Rios was causally connected to any deprivation of a federal right, Plaintiff's individual-capacity § 1983 claims are not cognizable against these defendants. *See Iqbal*, 556 U.S. at 678-79; *Pahls*, 718 F.3d at 1225-26 ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.").

Nor can Defendant Rios be held liable solely based upon his supervisory status. The Tenth Circuit has explained,

> In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates.

*Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Plaintiff has shown neither that Defendant Rios' subordinates violated Plaintiff's constitutional rights nor that Defendant Rios participated in or acquiesced to any such violation.

  b. *Defendants ODOC, Allbaugh, and McCurdy*

Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state. U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 65 (1996).

> But Eleventh Amendment immunity is not absolute. There are three exceptions. First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment.

> Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted). Eleventh Amendment immunity applies to state agencies considered to be "arms of the state." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). A defendant's status as an arm of the state is a question of federal law, but courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal quotation marks omitted).

"Oklahoma has not consented to be sued in federal court." *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012); *accord Callahan*, 471 F.3d at 1159. Nor has Congress abrogated state immunity through enactment of 42 U.S.C. § 1983. *Berry*, 495 F. App'x at 921-22; *Quern v. Jordan*, 440 U.S. 332, 342-45 (1979). Thus, the State of Oklahoma's Eleventh Amendment immunity from § 1983 claims for money damages in federal court remains intact.

The Tenth Circuit has stated that it considers ODOC an arm of the State of Oklahoma. *See Eastwood v Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988); *Berry v. Oklahoma*, 495 F. App'x 920, 922 (10th Cir. 2012) ("ODOC is . . . shielded by sovereign immunity because it is an arm of the state." (citing *Eastwood*, 846 F.2d at 631-32)). Thus, ODOC is protected from suit in federal court by Eleventh Amendment immunity. *See also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002). Further, ODOC's immunity extends to Plaintiff's § 1983 claims against ODOC

employees who are sued in their official capacities for damages. *See Cleveland v. Martin*, 590 F. App'x 726, 730 (10th Cir. 2014); *Peterson v. Lampert*, 499 F. App'x 782, 786 (10th Cir. 2012). Defendants Allbaugh and McCurdy, as employees of ODOC acting in their official capacities, therefore are protected by Eleventh Amendment immunity to the extent damages are sought by Plaintiff under 42 U.S.C. § 1983, and these claims must be dismissed. *See Eastwood*, 846 F.2d at 632; Compl. at 2 (identifying Defendant Allbaugh as "Director of ODOC" and Defendant McCurdy as "Chief Medical Officer of ODOC"); 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2), 42 U.S.C. § 1997e(c)(1).

And though a plaintiff may seek prospective relief against an individual state officer acting in his or her official capacity, *see Muscogee (Creek) Nation*, 669 F.3d at 1166, injunctive relief "cannot be obtained in a § 1983 proceeding unless [the plaintiff] has first shown a constitutional violation," *Vann v. Okla. State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001) (citing 42 U.S.C. § 1983). Plaintiff requests injunctive relief, *see* Compl. at 14, but as discussed above Plaintiff has failed to successfully allege a constitutional violation underlying this request. Therefore, he is not entitled to such relief under 42 U.S.C. § 1983.

Finally, Plaintiff's failure to include Defendants Allbaugh and McCurdy in any of his factual allegations is fatal to his individual-capacity claims against them. Insofar as Plaintiff seeks to impose liability against Defendants Allbaugh and McCurdy based upon their supervisory status, Plaintiff's claim must likewise fail, as he does not plausibly allege that these Defendants created or promulgated a policy whose enforcement violated Plaintiff's constitutional rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir.

2010). Because Plaintiff has not plausibly pled an "affirmative link" between Defendants Allbaugh and McCurdy and any constitutional violation, *Serna*, 455 F.3d at 1151, Plaintiff has failed to show he is entitled to relief against these Defendants in their individual capacities on any claim.

     *c. GEO Group, Inc. and CCS*

Plaintiff identifies GEO Group, Inc. as a "[p]rivate [p]rison company . . . employed by ODOC" to operate LCF. Compl. at 3. Plaintiff identifies CCS as a medical and healthcare services provider contracting with LCF and as the employer of the named nurse defendants. *Id.* at 3-6.

While a private entity acting under color of state law may be a proper defendant to a § 1983 claim, the entity "'cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (omission in original) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)). Rather, as with municipal governments, the liability of a private entity requires a showing of: (1) the existence of an official policy or custom by which the plaintiff was denied a constitutional right, (2) that the policy or custom was the moving force behind the constitutional deprivation, and (3) that the policy or custom "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-70 (10th Cir. 2013); *see Dubbs*, 336 F.3d at 1216 (noting that the Tenth Circuit has extended *Monell*'s municipal-liability doctrine "to private § 1983 defendants").

Plaintiff has not plausibly shown that he was denied a constitutional right. And Plaintiff made no reference in his Complaint to a policy or custom implemented or maintained by GEO Group, Inc. or by CCS that caused or contributed to any of his alleged constitutional deprivations. In fact, Plaintiff's Complaint is wholly devoid of any factual allegation against either private entity and contains no reference to a policy or custom attributable to either. Thus, he has failed to satisfy either of the first two elements. Moreover, to meet the third element a plaintiff must demonstrate that the entity had "actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation, and it consciously and deliberately [chose] to disregard the risk of harm." *Schneider*, 717 F.3d at 771 (internal quotation marks omitted). The facts alleged by Plaintiff are not sufficient to plausibly support this element.

Accordingly, Plaintiff has failed to state a claim under § 1983 as to either private entity.

IV. PLAINTIFF'S STATE-LAW CLAIMS

Insofar as the Complaint may be liberally construed as raising state-law claims, *see, e.g.*, Compl. at 9, 10, 12 (stating that Defendants demonstrated "corporate negligence"), the Court declines to exercise jurisdiction over these claims.

Plaintiff and several defendants appear to be citizens of Oklahoma. *See id.* at 1-6. Thus, there appears to be no diversity of citizenship within the meaning of 28 U.S.C. § 1332. Further, because no remaining allegation implicates a federal question, the Court does not have original jurisdiction under 28 U.S.C. § 1331. Having dismissed Plaintiff's federal claims, the Court has discretion over whether to exercise supplemental jurisdiction

over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). The Court declines to do so. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## CONCLUSION

For the foregoing reasons, the Court orders that

1) Plaintiff's federal claims against Defendant ODOC and against Defendants Allbaugh and McCurdy in their official capacities are DISMISSED without prejudice based on Eleventh Amendment immunity;

2) Plaintiff's federal claims against Defendants GEO Group, Inc. and CCS, as well as Plaintiff's individual-capacity claims against Defendants Allbaugh and McCurdy and Plaintiff's individual- and official-capacity claims against Defendants Tocknell, Savoy, Rios, and Holmburg, are DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

3) The Court DECLINES to exercise supplemental jurisdiction over any state-law claims; and

4) All pending motions (Doc. Nos. 35, 37, 38, 39, 40, 45, 48, 50, 52, 54, 55) are DENIED as moot.

IT IS SO ORDERED this 25th day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge